Cai v. Holder

BIA
Cheng, IJ
A205 030 582

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand fifteen.

PRESENT:
>           JON O. NEWMAN,
>           DENNY CHIN,
>           CHRISTOPHER F. DRONEY,
>                 *Circuit Judges.*

_____

YUE CAI,
>           *Petitioner,*

>           v.                                          14-29
>                                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Stuart Altman, New York, NY.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General, Civil Division;
                         Paul Fiorino, Senior Litigation
                         Counsel; Judith R. O'Sullivan, Trial
                         Attorney, Office of Immigration

**Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yue Cai, a native and citizen of China, seeks review of a December 13, 2013, decision of the BIA affirming the February 14, 2012, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Cai*, No. A205 030 582 (B.I.A. Dec. 13, 2013), *aff'g* No. A 205 030 582 (Immig. Ct. N.Y. City Feb. 14, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (explaining that we "consider only those issues that formed the basis for [the BIA's] decision."). Because the BIA declined to review the IJ's alternative bases for denying relief, we review only the agency's adverse

2

credibility determination. The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Cai's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin,* 534 F.3d at 167. "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Substantial evidence supports the IJ's finding that Cai was not credible with respect to her claim of future persecution based on her Christianity.

The IJ did not err in basing the adverse credibility determination, in part, on Cai's demeanor. *See* 8 U.S.C.

§ 1158(b)(1)(B)(iii); *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006) (holding that "demeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate").  The record supports the IJ's findings that Cai's answers were nonresponsive and that her testimony contained many pauses.  For example, when the IJ asked Cai to explain why the fact of her aunt's surveillance was omitted from her aunt's letter, she first gave an indirect answer, prompting the IJ to point out her nonresponsiveness and repeat the question, to which Cai answered that she was unsure.  The IJ then asked Cai why her application did not mention the surveillance, which was followed by a pause, another request that she answer the question, and finally Cai's response that she "didn't write that."  While Cai argues that the IJ was badgering or confusing her, the record shows that the IJ was not demonstrating hostility; instead, she was developing the record and seeking explanations, as is the role of the IJ.  *See* 8 U.S.C. § 1229a(b)(1) (stating that the IJ has the authority to "interrogate, examine, and cross-examine the alien"); *see also Ming Shi Xue v. Bd. of Immigration Appeals*, 439 F.3d 111, 119 (2d Cir. 2006) (explaining that the IJ should take

4

an "active role" in "presenting and clarifying an asylum applicant's case"); *cf. Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006) (remanding because IJ showed bias and hostility by "repeatedly address[ing] [the petitioner] in an argumentative, sarcastic, impolite, and overly hostile manner that went beyond fact-finding and questioning"). Cai's argument that she paused because she did not understand the questions is also unpersuasive because she never expressed any confusion to the IJ. Because the record reflects these specific instances of nonresponsive testimony and pauses, and because the IJ was best positioned to assess Cai's manner while testifying, we afford the demeanor finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

The IJ also properly relied on an omission from Cai's documentary evidence, which further supports the IJ's adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-66. An omission in an applicant's testimony or supporting documents is "functionally equivalent" to an inconsistency and "can serve as a proper basis for an adverse credibility

5

determination." *Xiu Xia Lin*, 534 F.3d at 166 n.3.  As discussed above, Cai's application and her aunt's letter fail to mention that the aunt is under surveillance by the Chinese government.  The omission is material because that surveillance was the reason Cai feared that the Chinese government would discover her practice of Christianity. *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam) (holding that aliens claiming future persecution must show that authorities "are either aware . . . or likely to become aware of his activities").  Accordingly, the IJ was not compelled to credit Cai's explanation that she did not think about the surveillance when preparing her application.  *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that agency need not credit applicant's explanations for inconsistent testimony unless explanations would compel reasonable fact-finder to do so).  While Cai argues that there is no evidence to show when the surveillance began or when Cai became aware of it, which could explain the omission from the application and letter, her argument is unpersuasive in light of her testimony.  She testified that her cousin–who lived in the United States, testified on her behalf, and had introduced her to Christianity–was aware of the surveillance in 2010 or

2011, or after his arrival in the United States, in September 2010. Cai's personal statement and her aunt's letter are both dated September 2011. Accordingly, the agency reasonably relied on this omission to support the adverse credibility determination.

Given the agency's findings regarding Cai's demeanor and the omission relating to her fear of persecution, the "totality of circumstances" supports the agency's adverse credibility determination. The omission calls into question Cai's concern that the Chinese authorities will become aware of her religion and that she will suffer future harm. *Xiu Xia Lin*, 534 F.3d at 167. As all of Cai's claims share the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

7

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk